GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
BEONG-SOO KIM (State Bar No. 212911)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-3868
     Facsimile:  (213) 894-6269
     E-mail:  beong-soo.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-809-R |
| Plaintiff, | <u>GOVERNMENT'S SENTENCING POSITION PAPER</u> |
| v. | |
| WILLIAM WINE, | Sentencing Date: 4/30/07<br>Sentencing Time: 1:30 p.m. |
| Defendant. | Courtroom of the Honorable Manuel Real |

This is the government's sentencing position paper. As discussed in greater detail below, the government (1) concurs with the Sentencing Guidelines calculations contained in the Probation Office's Presentence Report ("PSR"), (2) submits that a 30-month sentence (the low-end of the applicable Guidelines range) is warranted and appropriate under 18 U.S.C. § 3553(a), and (3) requests that restitution be adjusted to account for one additional victim of defendant.

**I.  SENTENCING GUIDELINES**

The PSR calculates that (a) defendant's base offense level is six, (b) fourteen levels should be added based on the loss amount (between $400,000 and $1,000,000), (c) two additional levels should be added for "abuse of trust" (USSG §3B1.3), and (d) three levels should be substracted for acceptance of responsibility (USSG §3E1.1), resulting in a total offense level of nineteen.  Given defendant's criminal history category of I, defendant's range under the advisory Sentencing Guidelines is 30 to 37 months imprisonment.  The government concurs with the Probation Office's calculation of defendant's advisory Guidelines range.

**II.  3553(a) FACTORS AND ANALYSIS**

Under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), this court must consider not only the Guidelines range, but also the sentencing factors set forth in 18 U.S.C. § 3553(a).  <u>See</u> <u>id.</u> at 767.

There can be no dispute as to the seriousness of defendant's offense.  The elderly victim in this case, Harry Dean Stanton, entrusted defendant with managing all of his financial affairs, and defendant abused that trust by stealing a substantial sum of money from Mr. Stanton's retirement and personal savings accounts, and using those funds to pay defendant's own personal expenses.  Defendant also facilitated the theft of substantial sums of Mr. Stanton's money by Mr. Stanton's personal assistant. To reflect the serious nature and circumstances of this offense, to promote respect for the law, to provide just punishment, and to deter others from committing similar offenses, a substantial

sentence of imprisonment is warranted in this case.

In mitigation, defendant does not have a criminal history. (Although he has failed to pay to his taxes for several years, that failure may be related to the financial problems that led him to his criminal conduct in the present case.)  In addition, from the beginning of the government's investigation, defendant has cooperated with the investigation, accepted full responsibility for his criminal conduct in stealing money from Mr. Stanton, and repeatedly expressed a desire to do what he can to pay Mr. Stanton back.  The government believes it unlikely that, after having served a substantial prison term, defendant will commit any future crimes.

After having weighed the various Section 3553(a) factors, the government submits that a sentence of 30 months imprisonment is warranted and sufficient to satisfy the sentencing goals set forth in Section 3553(a).

**II. RESTITUTION**

In their plea agreement, the government and defendant stated that, as of the time of their agreement, they believed the applicable amount of restitution was $961,356.  Based on what the government now knows, the government believes that figure should be adjusted in two respects.  First, as indicated in the PSR, defendant has paid Mr. Stanton $25,000 as partial compensation for the money that defendant stole from him, and thus defendant's remaining restitution obligation should be reduced to $936,356. (PSR ¶ 17).  Second, the government requests that defendant be ordered to pay an additional $50,000 in restitution to a second victim of his, Tracy Torme.  Mr. Torme is a former client of

1  defendant from whom defendant stole $50,000 in February 2005, by
2  issuing a check to himself from Mr. Torme's bank account without
3  Mr. Torme's knowledge or authorization.  A copy of this check is
4  attached hereto as Exhibit A.  Although the government does not
5  believe Mr. Torme's losses constitute relevant conduct in this
6  case, the government believes that this court can and should
7  include Mr. Torme's $50,000 loss in its restitution judgment.
8  Once this $50,000 is included, the total amount of restitution
9  that should be ordered is $986,356.

10  Dated: April 15, 2007           Respectfully submitted,

11                                  GEORGE S. CARDONA
                                    Acting United States Attorney
12
                                    THOMAS P. O'BRIEN
13                                  Assistant U.S. Attorney
                                    Chief, Criminal Division
14

15                                  _____
                                    BEONG-SOO KIM
16                                  Assistant United States Attorney
                                    Major Frauds Section
17
                                         Attorneys for Plaintiff
18                                       United States of America